United States Court of Appeals

Fifth Circuit

**F I L E D**

**June 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41308
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SERVANDO RODRIGUEZ-CUELLAR,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-328-ALL
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Servando Rodriguez-Cuellar pleaded guilty to an indictment
charging him with being an alien unlawfully found in the United
States after deportation following an aggravated-felony
conviction. Rodriguez-Cuellar was sentenced to 46 months in
prison. He gave timely notice of appeal.

Rodriguez-Cuellar challenges the constitutionality of
8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated
felony convictions as sentencing factors rather than elements of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the offense that must be found by a jury in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  The Government argues that the waiver provision in Rodriguez-Cuellar's plea agreement precludes his attack on the constitutionality of § 1326(b) and that, as a result of the waiver, Rodriguez-Cuellar lacks standing to challenge the constitutionality of § 1326(b).  We assume, <u>arguendo</u> only, that the waiver does not bar the instant appeal.

Rodriguez-Cuellar's constitutional challenge to § 1326(b), however, is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998).  Although Rodriguez-Cuellar contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi</u>, we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding.  <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Rodriguez-Cuellar properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.  The judgment of the district court is AFFIRMED.